770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAYMOND SAXTON, PLAINTIFF,
RONALD ESTES, PROPOSED INTERVENOR-APPELLANT,
v.
GENERAL MOTORS CORPORATION; ET AL., DEFENDANTS-APPELLEES.
 NO. 83-3544
 United States Court of Appeals, Sixth Circuit.
 7/16/85
 
 N.D.Ohio, 575 F.SUPP. 1212
 VACATED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: LIVELY, Chief Judge; KEITH and MERRITT, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal by Ronald Estes from an order of the district court denying his motion to intervene in an ongoing civil action pursuant to Rule 24(b), Federal Rules of Civil Procedure. Raymond Saxton brought suit against his employer, General Motors Corporation, and his union, a local of the United Auto Workers, under Sec. 301 of the Labor Management Relations Act. He charged breach of the collective bargaining agreement in failing to admit him to an apprentice program in the electrical skilled trade classification and breach of the union's duty of fair representation. The action by Saxton was brought in a timely manner and while taking depositions he discovered that Ronald Estes had been denied admission to the same apprentice program under circumstances which appeared to be the same as his. He notified Estes of this discovery and Estes promptly filed a motion to intervene. However, this motion was filed long after the applicable six months statute of limitations for such actions had expired. See DelCostello v. Teamsters, 462 U.S. 151 (1983). The local UAW defendant then filed a motion pursuant to Rule 12, Federal Rules of Civil Procedure, for an order 'dismissing Ronald L. Estes' proposed Intervenor's Complaint since this Court lacks jurisdiction in that Estes' Complaint is barred by the statute of limitations and since Estes' Complaint fails to state a claim upon which relief can be granted.'
 
 
 2
 The district court denied Estes' motion to intervene on the ground that his claim was barred by the applicable statute of limitations. The court stated that it was exercising its discretion to deny intervention because it was 'clear from the pleadings that the Court lacks jurisdiction over his claim pursuant to Federal Rule of Civil Procedure 12(b)(1).' The effect of this ruling was to 'telescope' the proceedings, making the right to intervention depend on the strength of the proposed intervenor's case on its merits. The district court did not refer at all to a requirement of Rule 24(b): 'In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'
 
 
 3
 We conclude that the procedure followed by the district court was in error.
 
 
 4
 The decision whether to permit intervention should not turn on the apparent strength of the proposed intervenor's claim. The discretion whether to permit intervention pursuant to Rule 24(b) should be exercised with respect to the considerations which relate to intervention, not to the ultimate likelihood that the proposed intervenor will prevail.
 
 
 5
 The defendants-appellees argue that it was clear on the face of the proposed intervening complaint and the affidavit of Estes that he could not possibly prevail because more than six months had passed since he was notified by his employer that he was not selected for the apprenticeship training program and therefore the court was justified in proceeding as it did. Novertheless, all parties agree that under established law Estes had six months from the time he knew or, by the exercise of reasonable diligence should have known of the alleged breach of the collective bargaining agreement. It is not absolutely clear from the face of the documents referred to that Estes should have known or had sufficient knowledge to require him to investigate prior to the time of Saxton's disclosure to him that he apparently had been denied admission to the program in violation of terms of the collective bargaining agreement.
 
 
 6
 The judgment of the district court is vacated and the case is remanded for further proceedings.